IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHANOL BOOSTING SYSTEMS, LLC and THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-196-CFC-SRF |
| FORD MOTOR COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Defendant Ford Motor Company has filed objections to the Magistrate Judge's discovery ruling made orally on September 19, 2019. D.I. 71. That ruling affirmed and incorporated an earlier oral ruling made by the Magistrate Judge on August 22, 2019. Plaintiffs Ethanol Boosting Systems, LLC (EBS) and the Massachusetts Institute of Technology have responded to the objections. D.I. 79. I have reviewed the transcripts of the Magistrate Judge's rulings, the objections, the response, and "supplemental" filings made by the parties (D.I. 99, 100).

The patents asserted in this case continue from and claim priority dates to an application that was filed in November 2004.

Ford argues that a variant of a single-fuel gasoline engine alleged to be covered by the asserted patents "was not conceived of until Plaintiffs learned of

[the engine] from Ford during a collaboration that took place between 2007 and 2011." D.I. 71 at 2. That collaboration, called the Bobcat project, "was a result of an April 17, 2006 signed Memorandum of Understanding." *Id.* Ford served a discovery request for documents related to the Bobcat project—i.e., for "[a]ll documents and things relevant to the research and development between Ford and EBS as set forth in the Memorandum of Understanding signed on April 17, 2006." *Id.* According to Ford, it "specifically sought this discovery to demonstrate that the subject matter that Plaintiffs claim is recited in the Asserted Patents ... was conceived of by Plaintiffs only as a result of their collaboration with Ford during the years of 2007 through 2011." *Id.* Ford argues that "[i]f this [contention] should prove true, . . . the Asserted Patents are not entitled to a filing date of 2004, but instead would be afforded a filing date of May 27, 2011." *Id.*

Plaintiffs objected to Ford's request for production of the Bobcat documents on the grounds that the Court's Default Standard of Discovery limits discovery to a period of six years before the filing of the complaint absent a showing of cause and that no good cause existed to override that limitation because the Bobcat project did not begin until after the November 2004 priority date. Ford then moved to compel the production of the Bobcat documents. The Magistrate denied Ford's motion first on August 22, 2019 and again on September 19, 2019.

The Magistrate Judge had the authority to make her ruling under 28 U.S.C. § 636(b)(a)(A). The standard of review of a magistrate judge's discovery rulings is "clearly erroneous or contrary to law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, 2016 WL 6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

It is well established that "[t]he filing of a patent application is a constructive reduction to practice of the invention disclosed therein." *Frazer v. Schlegel*, 498 F.3d 1283, 1288 (Fed. Cir. 2007) (citation omitted). "Thus, the inventor need not provide evidence of either conception or actual reduction to practice when relying on the content of the patent application." *Hyatt v. Boone,* 146 F.3d 1348, 1352 (Fed. Cir. 1998). The patent application upon which a patentee relies to establish a priority date, however, must meet the written description requirements of 35 U.S.C. § 112 and must disclose the invention claimed in the asserted patent. *Frazer*, 498 F.3d at 1288.

As a general rule, events subsequent to the priority date are irrelevant to both the adequacy of the application's written description and whether the invention disclosed in the application meets the claim limitations of an asserted patent. *See Amgen Inc. v. Sanofi,* 872 F.3d 1367, 1373-34 (Fed. Cir. 2017); *Ariad Pharm., Inc.*

3

v. *Eli Lilly & Co.*, 598 F.3d 1336, 1355 (Fed. Cir. 2010); *Frazer*, 498 F.3d at 1287-89; *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991). The Magistrate Judge referenced this general rule when she explained the reasons for her denial of Ford's motion to compel the production of Bobcat-related documents. *See* D.I. 71, Ex. 3, Tr. 75-79; *id.*, Ex. 4, Tr. 61-65. She noted among other things that the issue of whether Plaintiffs had conceived of the invention by November 2004 turned on whether 2004 patent application (1) met the written description requirements of § 112 and (2) described the single engine variant alleged to be covered by the asserted patents. D.I. 71, Ex. 3, Tr. 77. And, as she explained, "that's going to be determined by the patents [and application] themselves . . . [and a] comparison [of] the patents in suit [to] the 2004 application." *Id.* The Magistrate Judge thus found that Ford had failed to show good cause that documents related to the Bobcat project—which did not begin until two years after the 2004 application was filed—would "be informative or relevant" to Ford's conception defense. *Id.* This finding is consistent with, not contrary to, the general rule that evidence that postdates the priority date is irrelevant to the adequacy of a written description and whether the application's written description discloses an invention covered by the claim limitations of the asserted patents.

There is an exception to this general rule that has no bearing on this case. That exception, recognized by the Federal Circuit in *Amgen*, 872 F.3d at 1374,

4

applies when the asserted patent claims a genus of a chemical compound or construct. The exception makes sense because a genus patent can only comply with the written description requirements of § 112 if it discloses "a representative number of species falling with the scope of the genus or structural features common to the members of the genus so that one of skill in the art can visualize or recognize the members of the genus." *Id.* (internal quotation marks and citation omitted). Evidence of a species that postdates the application is, of course, relevant to the determination of whether the application disclosed a representative number of species.

*Amgen* is the only case cited by Ford in support of its contention that the Magistrate Judge's ruling was contrary to law. *See* D.I. 71 at 8. Fords cites *Amgen* as an exemplary case (prefaced by "*See, e.g.*") for this proposition: "Indeed, the Federal Circuit has been clear that post-priority-date evidence is relevant to issue the issue of written description." D.I. 71 at 8. But, as noted above, the Federal Circuit has repeatedly "been clear" that post-priority-date evidence is *not* relevant to the issue of written description; and in *Amgen* the Court recognized an exception to that general rule in the unique situation that arises when a composition-of-matter patent claims a genus chemical compound.

*Amgen* itself "makes clear" the general rule. The Court stated in *Amgen*:

> Appellees are correct that written description is judged
> on the state of the art as of the priority date.

5

> Accordingly, evidence illuminating the state of art subsequent to the priority date is not relevant to written description.

872 F.3d at 1373-34. Ford makes no mention of these sentences in its objections. Nor does it mention in its objections the general rule regarding consideration of post-priority-date evidence or acknowledge that *Amgen* permits consideration of that evidence only in the exceptional circumstance when the asserted patent claims a genus of a chemical compound or construct.

Because Ford has not demonstrated that the Magistrate Judge's decision was clearly erroneous or contrary to the law, I will overrule its objections. Because Ford's objections bordered on frivolous, failed to identify relevant Federal Circuit case law, and mischaracterized the holding of *Amgen*, I will entertain an application by Plaintiffs for the fees and costs it incurred in responding to Ford's objections.

Accordingly, IT IS HEREBY ORDERED that

1. Defendant's objections (D.I. 71) are OVERRULED; and

2. Plaintiffs may, if they wish, file no later than December 5, 2019 an application with supporting legal authority for reimbursement of the fees and costs they incurred in responding to Defendant's objections.

11-25-19
Date

_____
United States District Judge